UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY JEFFERSON, | : |
| Petitioner, | : Civ. No. 16-3792 (KM) |
| v. | : |
| UNITED STATES OF AMERICA, | : OPINION |
| Respondent. | : |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Anthony Jefferson, is a federal prisoner proceeding through counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent, United States of America, opposes the motion. For the reasons explained in this Opinion, the Court will deny the motion and will not issue a certificate of appealability.

## II. BACKGROUND AND PLEADINGS

On March 3, 2014, Mr. Jefferson was convicted by a jury of conspiracy to commit carjacking, in violation of 18 U.S.C. § 371; carjacking, in violation of 18 U.S.C. § 2119(1); and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (DE 1, at 1; DE 7, at 1.) On January 7, 2015, I sentenced Mr. Jefferson to an aggregate term of 104 months' imprisonment. *See United States v. Jefferson*, Crim No. 13-137 (D.N.J.), DE 83. The Court of Appeals for the Third Circuit affirmed Mr. Jefferson's conviction and sentence on April 27, 2016. *See United States v. Jefferson*, 648 F. App'x 199 (3d Cir. 2016).

In June 2016, Mr. Jefferson filed the instant § 2255 motion to vacate, set aside, or correct his sentence. (DE 1.) Mr. Jefferson asserts that, pursuant to the United States Supreme Court

decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his carjacking conviction no longer qualifies as a crime of violence under 18 U.S.C. § 924(c). As a result, Mr. Jefferson contends that his conviction under § 924(c) should be vacated. (DE 1, at 18.)

Mr. Jefferson's proceeding has twice been stayed. First, the case was stayed pursuant to Standing Order 16-2, which stayed all *Johnson*-based § 2255 proceedings in the District of New Jersey for up to 150 days to permit petitioners to supplement their filings and provide the government time to respond. Following this time period, Mr. Jefferson's case was again stayed upon motion of the government, and with the consent of Mr. Jefferson, pending a decision by the Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (DE 4, 5.) In February 2019, I ordered the proceeding reopened, directing the government to file an answer and permitting Mr. Jefferson time to file a reply brief. (DE 9.) The government filed a brief in opposition to the § 2255 motion on March 13, 2019, and a supplemental letter on March 21, 2019. (DE 7, 8.) Mr. Jefferson did not file a reply.

On June 24, 2019, during the pendency of Mr. Jefferson's petition, the Supreme Court issued in an opinion in *United States v. Davis*, 139 S. Ct. 2319, that touched upon the arguments raised by the government in opposition to Mr. Jefferson's motion. Accordingly, I ordered the government to file a supplemental brief addressing the effect of *Davis*, and I provided Mr. Jefferson with the opportunity to submit a supplemental reply on the same issue. (DE 9.) On August 6, 2019, the government filed a supplemental brief arguing that Mr. Jefferson's conviction for carjacking remained a crime of violence under § 924(c)'s still-valid elements clause. (DE 10.) Mr. Jefferson did not file a reply.

### III.  STANDARD OF REVIEW

To grant relief on a federal prisoner's motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255, the Court must find that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "In considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous based on the existing record.'" *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005) (quoting *Gov't of V.I. v. Forte,* 865 F.2d 59, 62 (3d Cir. 1989)). A district court "is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" *Id.* (quoting *Forte,* 865 F.2d at 62).

### IV.  ANALYSIS

In his § 2255 petition, Mr. Jefferson argues that his conviction for carjacking no longer qualifies as a crime of violence for the purposes of 18 U.S.C. § 924(c). (DE 1.) Mr. Jefferson submits that the Supreme Court's decision in *Johnson*, which invalidated the residual clause of the Armed Career Criminal Act's "violent felony" definition, applies equally to the similarly worded residual clause of § 924(c). Mr. Jefferson asserts that a conviction may now qualify as a crime of violence only if it falls under § 924(c)'s elements clause – which, he asserts, his conviction for carjacking does not. (DE 1, at 5-11.) Accordingly, Mr. Jefferson contends that his § 924(c) conviction must be set aside.

Section 924(c) provides a criminal penalty for "any individual who possesses, brandishes, or discharges a firearm in relation to either a crime of violence or a drug trafficking crime." *Darby v. United States,* Civ. No. 18-10654, 2018 WL 3412846, at *2–3 (D.N.J. July 12, 2018)

3

(citing 18 U.S.C. § 924(c)); *see also United States v. Foster*, 734 F. App'x 129, 132 n.3 (3d Cir. 2018). A crime of violence is defined within § 924(c) as a felony that:

- (A) has an element the *use, attempted use*, or *threatened use* of physical force against the person or property of another, [the "elements clause"] or

- (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

18 U.S.C. § 924(c) (emphasis added).

Since the filing of Mr. Culp's petition, the Supreme Court has held that the *residual* clause of § 924(c) is indeed unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Significantly, however, *Davis* did not invalidate the *elements* clause of § 924(c). *See id.* Thus, crimes of violence which qualify under the elements clause of § 924(c) remain valid as predicates for liability. *See Hernandez v. United States*, Civ. No. 17-4582, 2019 WL 4727903, at *3 (D.N.J. Sept. 27, 2019); *see also United States v. Kennedy*, Civ. No. 19-1591, 2019 WL 4316867, at *1 (3d Cir. Sept. 9, 2019) (holding that a conviction which qualifies as a crime of violence under § 924's elements clause survives *Davis*.)

Post-*Johnson,* but before *Davis,* the Courts of Appeals had held that carjacking was a crime of violence under the elements clause. *See Darby*, 2018 WL 3412846, at *3 (citing *United States v. Gutierrez*, 876 F.3d 1254, 1255-57 (9th Cir. 2017); *United States v. Evans*, 848 F.3d 242, 245-48 (4th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740-41 (5th Cir. 2017); *In re Smith*, 829 F.3d 1276, 1280-81 (11th Cir. 2016)). Post-*Davis,* numerous federal courts have continued to hold that the offense of carjacking is a crime of violence under the elements clause. *See United States v. Walker*, 934 F.3d 375, 379 n.2 (4th Cir. 2019); *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019); *In re Cannon*, 931 F.3d 1236, 1242 (11th Cir. 2019); *United*

4

*States v. Littles*, No. 14-20484, 2019 WL 4511683, at *1 (E.D. Mich. Sept. 19, 2019); *United States v. White*, No. 15-29, 2019 WL 2928749 (D. Nev. July 8, 2019). Although the Third Circuit has not specifically addressed whether a conviction for carjacking alone qualifies as a crime of violence under § 924(c)'s elements clause, a panel of the Third Circuit has held that a conviction for carjacking accompanied by a conviction for the brandishing of a weapon *is* categorically a crime of violence under the elements clause. *See United States v. Foster*, 734 F. App'x 129, 132 n.5 (3d Cir. 2018); *see also Darby*, 2018 WL 3412846, at *3. I agree; the offense of carjacking, because it has as an a element the use, attempted use, or threatened use of violence, is unaffected by the invalidation of the residual clause, and continues to qualify as a crime of violence under § 924(c)'s elements clause.

In addition, and in the alternative, a panel of the Third Circuit has held that a conviction for carjacking (18 U.S.C. § 2119) accompanied by one for brandishing a weapon (18 U.S.C. § 924(c)(1)) amounts to a crime of violence under the elements clause. *See United States v. Foster*, 734 F. App'x 129, 132 n.5 (3d Cir. 2018); *accord Darby*, 2018 WL 3412846, at *3.[1] Here, Mr. Jefferson was convicted for both the offense of carjacking and the brandishing of a weapon in furtherance of that crime. *See Jefferson*, Crim No. 13-137, DE 83. By that alternative route, I also find that the elements clause is satisfied.

Mr. Jefferson's conviction qualifies as a crime of violence under § 924(c)'s elements clause. Accordingly, it falls outside the scope of *Davis* and he is not entitled to relief.

## V.     CERTIFICATE OF APPEALABILITY

This Court must determine whether Mr. Jefferson is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.1. The Court will issue a

---

[1]     *See also United States v. Robinson,* 844 F.3d 137, 140–44 (3d Cir. 2016) (analogous Hobbs Act analysis, post-*Johnson,* but pre-*Dimaya* and *Davis*)

5

certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based upon the analysis in this Opinion, Mr. Jefferson has not made a substantial showing of denial of a constitutional right. Therefore, this Court will not issue a certificate of a appealability.

## VI. CONCLUSION

For the foregoing reasons, Mr. Jefferson's § 2255 motion will be denied on the merits. Although courts considering § 2255 motions are generally directed to hold evidentiary hearings, it is apparent from the arguments before the Court and the record of the underlying criminal proceeding that, regardless of the evidence adduced at such a proceeding, Mr. Jefferson would not be entitled to any relief based on his motion. *See Booth,* 432 F.3d at 545. An appropriate order will be entered.

DATED: October 28, 2019

KEVIN MCNULTY
United States District Judge

6